Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARIA ALTAGRACIA SANTIAGO
RODRIGUEZ, *individually and on behalf of
others similarly situated,*

COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)

                    *Plaintiff,*

ECF Case

          -against-

NUEVO SHALON RESTAURANT
CORP. (D/B/A RESTAURANT
SHALON), EL MISMO SHALON
RESTAURANT CORP. (d/b/a MI
SHALON RESTAURANT), LALILA
HERNANDEZ, FATIMA
HERNANDEZ,  and MATEO
HERNANDEZ ,

                    *Defendants.*
-------------------------------------------------------X

        Plaintiff Maria Altagracia Santiago Rodriguez ("Plaintiff Santiago" or "Ms. Santiago"),

individually and on behalf of others similarly situated, by and through her attorneys, Michael

Faillace & Associates, P.C., alleges upon information and belief, and as against each of

defendants Nuevo Shalon Restaurant Corp. (d/b/a Restaurant Shalon), El Mismo Shalon

Restaurant Corp. (d/b/a Mi Shalon Restaurant) ("Defendant Corporations"), Lalila Hernandez,

Fatima Hernandez,  and Mateo Hernandez  ("Individual Defendants"), (collectively,

"Defendants"), as follows:

## NATURE OF ACTION

1.      Plaintiff Santiago is a former employee of Defendants Nuevo Shalon Restaurant Corp. (d/b/a Restaurant Shalon), El Mismo Shalon Restaurant Corp. (d/b/a Mi Shalon Restaurant), Lalila Hernandez, Fatima Hernandez, and Mateo Hernandez.

2.      Restaurant Shalon and Mi Shalon Restaurant are two Latin American Restaurants owned by Lalila Hernandez, Fatima Hernandez, and Mateo Hernandez, located at 2734 Jerome Avenue, Bronx, New York 10468 (hereinafter "the Original location"), and at 2968 Jerome Avenue, Bronx, New York 10468 (hereinafter "the New location").

3.      Upon information and belief, individual Defendants Lalila Hernandez, Fatima Hernandez, and Mateo Hernandez   serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate the Latin American restaurants.

4.      Plaintiff Santiago is a former employee of Defendants.

5.      Plaintiff Santiago was employed as a cook, food preparer and porter.

6.      At all times relevant to this Complaint, Plaintiff Santiago worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that she worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of her hours worked, failed to pay Plaintiff Santiago the applicable minimum wage, and failed to pay her appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

2

8.     Further, Defendants failed to pay Plaintiff Santiago the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

9.     Defendants' conduct extended beyond Plaintiff Santiago to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Santiago and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiff Santiago now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

12.    Plaintiff Santiago seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).


**JURISDICTION AND VENUE**

3

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Santiago's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Santiago was employed by Defendants in this district.

## **PARTIES**

### *Plaintiff*

15.     Plaintiff Santiago is an adult individual residing in Bronx County, New York. Plaintiff Santiago was employed by Defendants from approximately March 16,2020 until on or about September 16, 2024.

16.     Plaintiff Santiago consents to being a party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

17.     At all times relevant to this complaint, Defendants own(ed), operate(d), and/or control(led) two Latin American Restaurants located at 2734 Jerome Avenue, Bronx, New York 10468and 2968 Jerome Avenue, Bronx, New York 10468 under the name Restaurant Shalon and Mi Shalon Restaurant, respectively.

18.     Upon information and belief, Nuevo Shalon Restaurant Corp. ("Defendant Corporation") is a Corporation organized and existing under the laws of the State of New York.

4

Upon information and belief, it maintained its principal place of business at 2734 Jerome Avenue, Bronx, New York 10468.

19.     Upon information and belief, El Mismo Shalon Restaurant Corp. ("Defendant Corporation") is a Corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2968 Jerome Avenue, Bronx, New York 10468.

20.     Defendant LALILA Hernandez is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Lalila Hernandez is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Lalila Hernandez possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Lalila Hernandez determined the wages and compensation of the employees of Defendants, including Plaintiff Santiago, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

21.     Defendant Fatima Hernandez is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Fatima Hernandez is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporations. Defendant Fatima Hernandez possesses or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Fatima Hernandez determined the wages and compensation of the employees of Defendants, including Plaintiff Santiago, and

5

established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

22.    Defendant Mateo Hernandez is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Mateo Hernandez is sued individually in his capacity as a manager of Defendant Corporation. Defendant Mateo Hernandez possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation. Defendant Mateo Hernandez determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS
### *Defendants Constitute Joint Employers*

23.    Defendants operate two Latin American Restaurants located in the Kingsbridge section of the Bronx in New York City.

24.    Individual Defendants Lalila Hernandez, Fatima Hernandez, and Mateo Hernandez possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

25.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

26.    Each Defendant possessed substantial control over Plaintiff Santiago's (and others similarly situated employees') working conditions, and over the policies and practices with

6

respect to the employment and compensation of Plaintiff Santiago, and all similarly situated individuals, referred to herein.

27.     Defendants jointly employed Plaintiff Santiago, and all similarly situated individuals, and are Plaintiff Santiago's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28.     In the alternative, Defendants constitute a single employer of Plaintiff Santiago and/or similarly situated individuals.

29.     Upon information and belief, individual defendants Lalila Hernandez, Fatima Hernandez, and Mateo Hernandez   operate Defendant Corporations as either alter egos of themselves, and/or fail to operate Defendant Corporations as legal entities separate and apart from themselves by, among other things:

(a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporations as separate and legally distinct entities;

(b)     defectively forming or maintaining Defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c)     transferring assets and debts freely as between all Defendants;

(d)     operating Defendant Corporations for their own benefit as the sole or majority shareholders;

(e)     operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed corporations or closely controlled entities;

7

(f)     intermingling assets and debts of their own with Defendant Corporations;

(g)     diminishing and/or transferring assets of Defendant Corporations to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

30.     At all relevant times, Defendants were Plaintiff Santiago's employers within the meaning of the FLSA and NYLL.

31.     Defendants had the power to hire and fire Plaintiff Santiago, controlled the terms and conditions of her employment, and determined the rate and method of any compensation in exchange for Plaintiff Santiago's services.

32.     In each year from 2020 to 2024, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the Latin American Restaurants on a daily basis, such as tequila, were produced outside of the State of New York.

*Individual Plaintiff*

34.     Plaintiff Santiago is a former employee of Defendants, employed in performing the duties of a cook, food preparer and porter.

35.     Plaintiff Santiago seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Maria Altagracia Santiago Rodriguez*

8

42.    Plaintiff Santiago was employed by Defendants from approximately March 16,2020 until September 16, 2024.

43.    At all relevant times, Plaintiff Santiago was employed by Defendants as a cook, food preparer and porter.

44.    Plaintiff Santiago regularly handled goods in interstate commerce, such as meat and vegetables produced outside of the State of New York.

45.     Plaintiff Santiago's work duties required neither discretion nor independent judgment.

46.    Throughout her employment with Defendants, Plaintiff Santiago regularly worked in excess of 40 hours per week.

47.     From approximately March 16, 2020 until on or about Jan 2022, Plaintiff Santiago worked from approximately 8:00 p.m. until on or about 6:00 a.m., seven days a week three weeks a month and six days per week one week per month at the original location (typically 60 to 70 hours per week).

48.    From approximately February 2022 until on or about December 12, 2022, Plaintiff Santiago worked from approximately 8:00 p.m. until on or about 6:00 a.m., on Wednesdays and Thursdays, from approximately 2:00 p.m. until on or about 9:00 p.m. on Mondays, from approximately 2:00 p.m. until on or about 11:00 p.m. on Tuesdays and Fridays and from approximately 2:00 p.m. until on or about 10:00 p.m. on Saturdays and Sundays at the Original location (typically 56 hours per week).

49.    From approximately December 13, 2022 until on or about February 2023, Plaintiff Santiago worked from approximately 6:00 a.m. until on or about 4:00 p.m., Mondays,

9

Wednesdays, Thursdays, Saturdays and Sundays and from approximately 2:00 pm. until on or about 10:00 p.m. on Tuesdays and Fridays, at the original location (typically 65 hours per week).

50. From approximately March 2023 until on or about December 2023, Plaintiff Santiago worked from approximately 6:00 a.m. until on or about 3:00 p.m., Wednesdays and Thursdays, from approximately 2:00 p.m. until on or about 11:00 p.m. on Monday Tuesdays and Fridays and from approximately 2:00 p.m. until on or about 10:00 p.m. Saturdays and Sundays at the Original location (typically 61 hours per week).

51. From approximately January 2024 until on or about March 2024, Plaintiff Santiago worked from approximately 6:00 a.m. until on or about 3:00 p.m., Mondays through Sundays, at the original location (typically 63 hours per week).

52. From approximately March 2024 until on or about September 2024, Plaintiff Santiago worked from approximately 6:00 a.m. until on or about 3:00 p.m., Mondays and Wednesdays, from approximately 2:00 p.m. until on or about 10:00 p.m. on Tuesday and Fridays from approximately 3:00 p.m. until on or about 10:00 p.m. on Sundays at the Original location and from approximately 4:00 p.m. until on or about 4:00 a.m. Tuesdays and Thursdays and from approximately 2:00 p.m. until on or about 10:00 p.m. on Fridays at the new location (typically 61 hours per week).

53. Throughout her employment with defendants, Plaintiff Santiago was paid her wages in cash.

54. From approximately March 16,2020 until on or about December 2020, Defendants paid Plaintiff Santiago a fixed salary of $70.00 per day.

55.     From approximately January 2021 until on or about March 2021, Defendants paid Plaintiff Santiago a fixed salary of $65.00 per day.

56.     From approximately April 2021 until on or about June 2021, Defendants paid Plaintiff Santiago a fixed salary of $70.00 per day.

57.     From approximately July 2021 until on or about September 2021, Defendants paid Plaintiff Santiago a fixed salary of $75.00 per day.

58.     From approximately October 2021 until on or about June 2023, Defendants paid Plaintiff Santiago a fixed salary of $80.00 per day.

59.     From approximately June 2023 until on or about September 2024, Defendants paid Plaintiff Santiago a fixed salary of $100.00 per day.

60.     Plaintiff Santiago's wages did not vary regardless of how many additional hours she worked in a week.

61.     For example, from approximately March 2023 until on or about September 2024 Defendants required Plaintiff Santiago to work three hours past her regular departure time on Tuesdays and Fridays, and did not compensate her for the additional time they required her to work.

62.     Defendants never granted Ms. Santiago break periods of any kind during her work hours.

63.     Defendants did not provide Plaintiff Santiago with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

64.    Plaintiff Santiago was not required to keep track of her time, nor to her knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected her actual hours worked.

65.    Defendants never provided Plaintiff Santiago with a written notice, in English and in Spanish (Plaintiff Santiago's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

66.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Santiago regarding overtime and wages under the FLSA and NYLL.

67.    As a result of Defendants' failure to provide Plaintiff Santiago with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, she was prevented from: (i) comparing her rate of pay to her hours worked; (ii) realizing that she was underpaid; and (iii) advocating for herself and/or taking appropriate action to obtain the payments due to her.

*Defendants' General Employment Practices*

68.    Defendants regularly required Plaintiff Santiago to work in excess of forty (40) hours per week without paying her the proper minimum wage, overtime compensation and spread of hours pay.

69.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Santiago (and all similarly situated employees) to work in excess of forty (40) hours per week without paying her appropriate minimum wage, spread   of hours pay and/or overtime compensation, as required by federal and state laws.

70.    Defendants' pay practices resulted in Plaintiff Santiago not receiving payment for all her hours worked.

71.    Defendants habitually required their employees, including Plaintiff Santiago, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

72.    Plaintiff Santiago was paid her wages entirely in cash.

73.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

74.    By employing these practices, Defendants avoided paying Plaintiff Santiago the minimum wage for her regular hours and overtime compensation of time and a half for all of her hours worked in excess of forty (40) hours per week.

75.    Defendants failed to post required wage and hour posters in the restaurants, and did not provide Plaintiff Santiago with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Santiago's relative lack of sophistication in wage and hour laws.

76.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Santiago (and similarly situated individuals) worked, and to avoid paying Plaintiff Santiago properly for (1) her full hours worked, (2) for minimum wage and (3) for overtime due.

77.    Defendants failed to provide Plaintiff Santiago  and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

78.    Defendants failed to provide Plaintiff Santiago  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

79.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

80.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Santiago and other similarly situated current and former employees.

81.    As a result of Defendants' failure to provide Plaintiff Santiago and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Santiago and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

82.    Plaintiff Santiago brings her FLSA minimum and overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in her case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

83.    At all relevant times, Plaintiff Santiago and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times her regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Santiago's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

84.    The claims of Plaintiff Santiago stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

15

**VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS**

85.    Plaintiff Santiago repeats and realleges all paragraphs above as though fully set forth herein.

86.    At all times relevant to this action, Defendants were Plaintiff Santiago's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Santiago (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

87.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

88.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

89.    Defendants failed to pay Plaintiff Santiago (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

90.    Defendants' failure to pay Plaintiff Santiago (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

91.    Plaintiff Santiago (and the FLSA Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

92.    Plaintiff Santiago repeats and realleges all paragraphs above as though fully set forth herein.

16

93.     At all times relevant to this action, Defendants were Plaintiff Santiago's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Santiago (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

94.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

95.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

96.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Santiago (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

97.     Defendants' failure to pay Plaintiff Santiago (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

98.     Plaintiff Santiago (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

111.     Plaintiff Santiago repeats and realleges all paragraphs above as though fully set forth herein.

112.    At all times relevant to this action, Defendants were Plaintiff Santiago's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Santiago (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

113.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Santiago (and the FLSA Class members) less than the minimum wage.

114.    Defendants' failure to pay Plaintiff Santiago (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

115.    Plaintiff Santiago (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE
## LABOR LAW'S OVERTIME PROVISIONS

116.    Plaintiff Santiago repeats and realleges all paragraphs above as though fully set forth herein.

117.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Santiago (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

118.    Defendants' failure to pay Plaintiff Santiago (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

119.    Plaintiff Santiago (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

120.    Plaintiff Santiago repeats and realleges all paragraphs above as though fully set forth herein.

121.    Defendants failed to pay Plaintiff Santiago one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Santiago's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

122.    Defendants' failure to pay Plaintiff Santiago an additional hour's pay for each day Plaintiff Santiago's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

123.    Plaintiff Santiago was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

125.    Plaintiff Santiago repeats and realleges all paragraphs above as though fully set forth herein.

126.    Defendants failed to provide Plaintiff Santiago  with a written notice, in English

and in Spanish (Plaintiff Santiago's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

127.    Defendants are liable to Plaintiff Santiago in the amount of $5,000, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

128.    Plaintiff Santiago repeats and realleges all paragraphs above as though set forth fully herein.

129.    Defendants did not provide Plaintiff Santiago with a statement of wages with each payment of wages, as required by NYLL 195(3).

130.    Defendants are liable to Plaintiff Santiago in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Santiago respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff Santiago in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Santiago  and the FLSA class members

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Santiago  and the FLSA class members;

(d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Santiago's , and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Santiago  and the FLSA class members;

(f)      Awarding Plaintiff Santiago and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)      Awarding Plaintiff Santiago and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Santiago and the members of the FLSA Class;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Santiago and the members of the FLSA Class;

(j)      Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Santiago and the members of the FLSA Class;

(k)      Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Santiago's, and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Santiago and the FLSA Class members;

(m)      Awarding Plaintiff Santiago and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages as well as awarding spread of hours pay under the NYLL as applicable;

(n)      Awarding Plaintiff Santiago damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Santiago and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, spread of hours pay and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(p)      Awarding Plaintiff Santiago and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiff Santiago and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Santiago demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       April 25, 2025

MICHAEL FAILLACE & ASSOCIATES, P.C.

_____/s/ Michael Faillace_____  ___
By:    Michael A. Faillace [MF-8436]
       60 East 42nd Street, Suite 4510
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

23